Well, your honor, my name is Brian Carroll for Mr. Nash. Good morning, your honors, Carroll Gaines on behalf of the people. Well, you normally will have the 15-15, but we're somewhat liberal, meaning we're not going to shut you down unless you go forever. And I suppose we should, for the record, call the case. Case number 09-3233. This will be Correo Nash. May it please the court, counsel. Mr. Nash's conviction for felony murder should be reversed because the issue's instruction given to the jury assumed the element of proximate cause. The only element in the dispute at trial, thus essentially compelling a guilty verdict. And the state cannot meet its burden of establishing beyond a reasonable doubt that the improper instruction had no effect on the jury's verdict. Mr. Nash had a constitutional right to have every element of the offense of felony murder determined by the jury beyond a reasonable doubt. And whether the attempted vehicular hijacking in this case was the proximate cause of Parr's death was an essential element of the offense that the state had to establish. However, rather than instructing the juries to determine for themselves whether the attempted hijacking was the proximate cause of Parr's death, the issue's instruction told them that the hijacking was the cause and instructed them only to... Only that would the case of Martinez tell us that that's what we're supposed to follow? Excuse me. No, Your Honor. The issue involved in the present case was not raised in Martinez. In Martinez, the defendant challenged the instructions for giving conflicting definitions of proximate cause or not properly setting forth the law of proximate cause. Nash is not arguing that the jury was never instructed on the law regarding proximate cause. The problem here is that the jury was told that the proximate cause element was satisfied. Thus, whether any other instructions gave a proper statement of the law regarding proximate cause did not cure the fact that the jury was not asked to make that determination by themselves. So, Martinez is completely distinguishable from this case. Further, the instruction in Martinez was different than the current instruction in that it did not contain the paragraph which defined the act in question as being the forcible felony, which this instruction did. The first proposition in the issue's instruction given to the jury told the jury that Parr's death resulted from the act in question. And it only asked the jury to make a determination as to whether Nash performed the act in question. It then went on to define the act as being the attempted hijacking. Therefore, the only thing the jury had to determine was whether or not Nash committed the attempt hijacking. However, that was not at issue at trial. And thus, this improper instruction took away the only issue that was in dispute, the proximate cause, and compelled the jury. Well, what are you saying the proximate cause is? Excuse me, Your Honor? I mean, what act are you saying is the proximate cause? In this act, it was Crowder's act of walking into the alley and shooting at Parr and Nash as they ran away from him. But that's after the events have occurred. That's correct, Your Honor. That's subsequent. Yes. And the body of the law says foreseeability is what initial act started the whole process. You can't just build a backdoor in an act. That's what you seem to be trying to do. You're backdooring in saying the subsequent event and is the cause when, in fact, did he not initiate the whole process. Foreseeability is not a but-for test. No, it's once it starts, when does it end? And you're trying to tell us it ends in the middle of the act. No, Your Honor. That is incorrect. As the Illinois Supreme Court stated in Hudson, the mere but-for cause that the act of the forcible felony has to be more than simply a but-for cause for the resulting death. There has to be a determination that it was a direct and foreseeable result. And that is an element that the jury had to find beyond a reasonable doubt. And Nash had a constitutional right to have that question put before the jury. These instructions took that determination away from the jury and told them that that element had been established. So, no, it is not a but-for test. Nash had a right to have the jury make the determination of whether the forcible felony was the legal proximate cause of Parr's death. Aren't you looking at these instructions, though, one by one in isolation as opposed to taking a collective view? No, Your Honor. Even if you take a collective view, the problem is this instruction isn't cured. Again, Nash isn't arguing that the issues instruction was incomplete in which other instructions could fill in the gaps. The problem is that the issues instruction said that the proximate cause element was satisfied. But that's a different issue than what was in Martinez and Hudson where the defendants challenged the instructions on being somehow incomplete or giving improper statements of the law. It's not the statements of the law that's the problem here. It's what the jurors were charged with determining. And in this case, the instruction assumed a critical element of the offense of felony murder, took it away from the jury, and violated Mr. Nash's right to have every element of the offense proven beyond reasonable doubt or determined beyond reasonable doubt by the jury. And we know the jury didn't find this to be a slam-dunk case for the state. They didn't want to convict Nash of first-degree murder. They sent out a note indicating as much. And since this is a preserved error, the burden is on the state to establish beyond a reasonable doubt that the instruction did not affect the jury's deliberation. However, this instruction directly affected the jury's consideration of Nash's guilt for felony murder. Can you elaborate on your position as to why you say the jury struggled with their determination in this case? Well, they sent out a note asking if they could charge him with something or if they'd charge but convict him of something other than first-degree murder, showing that they didn't want to convict him of this. However, they said- What was the exact language that you reached that conclusion with? Well, they said, can we charge a lesser crime than first-degree murder? That's the note they sent out. What does that mean? It means they did not-they were struggling with being able to- or with convicting Nash of first-degree murder. Well, you're saying the judge should have done something else. Oh, that for the-in regard to- Yes. The second question. Yes. The judge-well, the judge should have instructed the jury on or with the instruction given by the defense. Yeah, but putting that aside, what else could he do with what was there? With-I guess I'm- The second question. The second-are we going on with- You're challenging that the judge should have done something else on the second question that came from the jury. The self-defense instructions, Your Honor? Is that what- I think so. Okay. I'll declare. Well, they should have. Since self-defense-the issue of self-defense is a distinct legal concept to the issue of proximate cause in felony murder, those instructions should never have been given. And what the judge should have done is withdrawn the instructions and told the jury to disregard them. So that's what the judge should have done. Well, the judge should have not given them at all in the first place, since Illinois law is unambiguous that whether or not the intended target of a forcible felony was legally justified in using force against the offenders is irrelevant to the issue of whether the defendant was guilty of felony murder. So that put an issue before the-or put legal questions before the jury that was not proper. The instructions never tied how the self-defense instructions should have played or meshed with-or, if at all, with the felony murder instructions. And we know that it confused the jury because they said they were confused. And the-since, you know, we know that it's confused, and a jury that is confused by the applicable law can't perform its constitutional duty of applying the law to the facts. And the-in this case, since, again, there's a preserved error, it's not Nash's burden to establish that he was prejudiced. Prejudice is presumed. It's the burden of the state to establish beyond a reasonable doubt that these erroneous self-defense instructions did not confuse the jury. But the record shows the jury was confused. Therefore, on this record, the state cannot meet its burden. Didn't the defense acquiesce to the responses of the trial court to the jury's notes? Yes, Your Honor. Your Honor, we-Nash also argued his attorney was ineffective for not, again, raising his objection to the self-defense instructions and asking them to be withdrawn. So, yeah, he's-not only was Nash deprived of his right to be, you know, tried by a properly instructed juror, but he was deprived of his right of ineffective-or, his right to the effective assistance of counsel, and that his counsel, you know, didn't fight for a proper resolution of that question. And it wasn't a proper trial strategy, because the counsel obviously didn't want those instructions in front of the jury. So the counsel should have asked the court, again, to withdraw those instructions and to instruct the jury to disregard them. So, again, the issue's instructions on felony murder in this case assumed the element of proximate cause, which violated Mr. Nash's right to have his fate decided by the jury. Again, the judge committed reversible error by instructing the jurors on the irrelevant issue of self-defense, which demonstrably confused the jurors. And on this record, the State cannot establish, beyond a reasonable doubt, that these errors did not affect the outcome of Mr. Nash's trial. Couldn't the accountability instruction, as well as the causation instruction, combined with the issues instruction rectify that and give a comprehensive view of the full state of the law? No, Your Honor. The accountability-slash-felony-murder instruction, that's just an instruction on mental state. It simply clarified in general terms that Mr. Nash did not have to intend at par to die in order to be found guilty of felony murder. The instruction did not purport to set forth the particular propositions the jury was supposed to find in this case. Even though it did state the probable cause element, again, the issue here is not that the jury wasn't told about the probable cause. The problem is that the issues instruction told them that that was satisfied. And to any extent that the accountability instruction could be interpreted as instructing the jury that they had to make their own determination of felony murder or of proximate cause, it conflicted with the issues instruction that was given. Therefore, rather than curing any problem, it just confused the matter for the jury. As to causation. As to causation. So, again, this is not a sufficiency of the evidence standard. Even if this court were to find that the evidence were sufficient, that does not make the errors harmless. The state has to prove beyond a reasonable doubt that it did not affect the jury's deliberations. Unless the court has any more questions, I will reserve my remaining time for rebuttal. Thank you. Good morning, Your Honors. May it please the Court. Again, my name is Carol Gaines, and I represent the people of the State of Illinois. With respect to whether the jury was properly instructed on the elements of felony murder, the defense this morning would have you focus just on the issues instruction. It is clear that this court should look at the jury instructions in their entirety in determining whether or not the jury was properly instructed. The three instructions that were given with respect to felony murder and the proximate cause theory that was applicable to the evidence in this case, those three instructions were set out in the common law record at page 52, 54, and 62. And what those instructions do together is that they inform the jury of the proximate cause theory of legal liability in this case, they instruct the jury as to what needs to be proven beyond a reasonable doubt to sustain that, and it includes a paragraph that is sufficient if you find from the evidence beyond a reasonable doubt that the defendant or one for whose conduct he is legally responsible combined into an unlawful act, the attempt to commit aggravated vehicular hijacking, and that the deceased was killed as a foreseeable consequence of the parties committing that unlawful act. So the instructions did, as a whole, convey the appropriate legal principles. They comported with the Illinois Supreme Court's decision in People v. Hudson and the Appellate Court's decision in People v. Martinez, and they were proper. They adequately explained to the jury the requirement that the death of the decedent had to occur during the defendant's attempt to commit the attempt to aggravate vehicular hijacking, explained that the death had to be a direct and foreseeable consequence of a chain of events set in motion by the defendant, and that explained it was sufficient to find that the deceased was killed as a foreseeable consequence of the defendant's unlawful act. And looking at them together, clearly those instructions properly conveyed the law relevant to this case. With respect to, and I think the defendant's challenge today, you had a question about whether the trial judge properly answered the jury's question in Issue 2 with respect to the defense, the self-defense instruction and the justifiable use of force if he's not the initial aggressor of those instructions. You have to look at why those instructions were before the court. The defense theory of this case was that Darren Crowder, who was the intended victim of the attempted aggravated vehicular hijack, the defense theory of the case was that he was the aggressor, that the crime was over when he announced his office and they started to run, which is not true, that the danger was over, in accordance with the law, that the danger was over at that time, which in accordance with the felony murder escape rule is not true, and that he was the aggressor in committing these acts which led to the death of the co-felon, Mr. Parr. In order to sort of level the playing field, that's when the State proffered those instructions to the trial judge, in order to sort of level the playing field, that that's what, not with respect to the defendant's self-defense, that wasn't a theory, but with respect to what the defense had, their theory of defense, and what they in fact argued during closing argument, and that's what they did. And that was their theory of the case. Those instructions were proper to level the playing field in that respect. When the jury asks a question about it, and when you look at that specific question, the trial judge says, I don't really know what this means. I mean, on that instruction, on the self-defense instruction, the note says, can this be considered as part of the charge consideration for first-degree murder? The trial judge says, I don't really know what that means. And the defense attorney, not only is this issue forfeited, but she affirmatively stands there and says, yes, judge, I think that's right. And she says, yes, I think that's right. So she wants that response, because if in fact the jury is considering that maybe that Darren Crowder was somehow inappropriately using force, maybe, just maybe, her client's going to get acquitted. So in that respect, it is, he argued today that it was ineffective system of counsel for her to say, yes, judge, I think that's right. It wasn't. You're suggesting it was really a matter of strategy. Absolutely. Absolutely. Because she's got these instructions. Maybe she doesn't want them, but now that she's got them, she uses them in closing argument. She urges the jury to find really almost under an agency theory of felony murder, which the state of Illinois doesn't ascribe to anymore. She's really saying, okay, maybe I can get them to think that he's the aggressor, and then maybe the jury will find that my client shouldn't be accountable or held liable for the murder of the co-felon in this case. So the child judge's answer to that, the law that applies to this case is stated in the instructions, which you've been given. It is your duty to follow them, was a correct response. She agreed to it. I think she almost even wanted it. It was a question of strategy for her to agree to the answer that was given in this case. If there are no other questions, Your Honors, I'd ask you for the other reasons stated in my brief, I would ask you to affirm the defendant's conviction for the murder of his co-felon in this case. Thank you. Thank you. The trial court had a duty to clarify his lack of understanding of the jury's question. And the Illinois Supreme Court under Childs states such. The argument that it was strategy for defense counsel to not have the judge give a proper answer is just unreasonable. She did not want those instructions in front of the jury. The state, and to the extent that she argued that Crowder was unjustified, their argument was that Crowder's actions were so outrageous that it was not a foreseeable consequence of the forcible felony. That's not an argument that his actions were not legally justified. And in the block quote of closing arguments the state includes in its brief, counsel never argued that Crowder was not legally justified. Again, Illinois law makes clear foreseeability and proximate cause are distinct legal concepts from legal justification. Therefore, these instructions had no bearing on the issue in this case. In terms of leveling the playing field, the state could just argue no, this was not, his reaction was not so outrageous as to make it unforeseeable. That's the proper argument, not to throw irrelevant, confusing instructions at the jury. And again, it's the state that brought up the self-defense and its closing arguments before defense counsel even got a chance to argue. So, I don't know if you have any other questions. I'll just sit down and ask you that you reverse Nash's conviction. Thank you. All right, we'll get back to you soon.